IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | CR. NO. 2:09cr48-WHA |
| ) | |
| RICARDO RENDON ) | (WO) |

**ORDER**

This case is before the court on the Recommendation of the Magistrate Judge (Doc. # 43), recommending that the Defendant's Motion to Suppress be denied, together with Defendant's Objections thereto (Doc. # 50), and the Government's Response (Doc. # 59).

The facts of this case are fully set out in the Magistrate Judge's Report and Recommendation. In summary, the Motion to Suppress concerns evidence obtained following a *Terry* stop and the subsequent search of the Defendant's tractor-trailer. For purposes of the motion, the Magistrate Judge assumed that an initial search performed by officers at the traffic stop, which did not uncover any contraband, might have violated the Fourth Amendment because the Defendant's consent to those searches was involuntary.[1] The Magistrate Judge reasoned, however, that the officers' second search of the tractor-trailer, which uncovered the contraband and which occurred only after a drug-sniffing canine alerted to contraband during an exterior sniff of the vehicle, was constitutionally permissible because that search relied on probable cause established from an independent source of information, the canine's alert.

---

[1] The government conceded in its response to the Defendant's Motion to Suppress that the defendant did not voluntarily consent to the search of his tractor-trailer (Doc. 28, p. 4).

1

The Magistrate Judge held an evidentiary hearing on the Motion to Suppress, and thereafter entered his report and recommendation.  In accordance with the law of this Circuit, the court has conducted a *de novo* review of the Magistrate Judge's Recommendation, including reading the transcript of the evidentiary hearing, examining all exhibits, watching the video recording of the traffic stop, and fully considering the objections of the Defendant.  *See Jeffrey S. by Ernest S. v. State Bd. of Educ. of State of Georgia*, 896 F.2d 507, 513 (11th Cir. 1990).

A district court judge has broad discretion to accept, reject, or modify a magistrate judge's proposed findings.  *United States v. Raddatz*, 447 U.S. 667, 680 (1980).  "Credibility findings of a magistrate judge, 'who personally observed and listened to the testimony of live witnesses, may be accepted unless the district judge, in his de novo review, finds reason to question the magistrate's assessment of the evidence.'" *United States v. Jennings,* 491 F. Supp. 2d 1072, 1075 (M.D. Ala. 2007) (quoting *Blizzard v. Quillen*, 579 F. Supp. 1446, 1449 (D. Del. 1984)).  *De novo* review does not require a new hearing of witness testimony, but it does require independent consideration of factual issues based on the record.  *Jeffrey S. by Ernest S.*, 896 F.2d at 513.  If the magistrate judge makes findings based on the testimony of witnesses, the district court is obliged to review the transcript or listen to a tape-recording of the proceedings.  *Id.*

The Defendant objects to the Magistrate Judge's finding that Trooper Cox had reasonable suspicion necessary to detain the Defendant under *Terry v. Ohio*, 392 U.S. 1 (1968) and its progeny.  The court has independently considered the evidence in this case, including the transcript of the evidentiary hearing and the video recording of the *Terry* stop at issue.  The court agrees that the facts as found by the Magistrate Judge support the conclusion that  Trooper Cox had reasonable articulable suspicion justifying the *Terry* stop at issue.

The Defendant also objects to the Magistrate Judge's finding that, even if the first search of the Defendant's tractor-trailer was illegal, the evidence seized from the tractor-trailer should not be suppressed because its discovery was not the result of any illegal police conduct, but rather a lawful canine sniff.  The court agrees with the conclusion of the Magistrate Judge that the canine sniff provided an independent source of probable cause for the search that led to the discovery of the evidence.

Even when the police make constitutional missteps during the course of a search or seizure, recovered evidence is not automatically subject to the exclusionary rule.  To determine whether the exclusionary rule requires evidentiary suppression, the relevant question is whether the evidence was obtained "by exploitation of that illegality or instead by means sufficiently distinguishable to be purged of the primary taint."  *United States v. Delancy*, 502 F.3d 1297, 1309 (11th Cir. 2007) (quoting *Wong Sun v. United States*, 371 U.S. 471, 488 (1963)).  The government may "purge the taint" by establishing that the evidence in question was seized pursuant to an independent source.  *United States v. Davis*, 313 F.3d 1300, 1303 (11th Cir. 2002).  Under the "independent source" doctrine, the challenged evidence is admissible if it was obtained from a lawful source, independent of the illegal conduct.  *United States v. Terzado-Madruga*, 897 F.2d 1099, 1113 (11th Cir. 1990).

While the Eleventh Circuit has not squarely addressed whether a canine sniff can provide an independent source of probable cause that justifies the admission of otherwise tainted evidence, several other circuits and district courts have addressed the subject.  For example, in *United States v. Forbes*, 528 F.3d 1273 (10th Cir. 2008), government agents searched the interior of defendant's tractor-trailer, allegedly in violation of the Fourth Amendment, and then

3

conducted a canine sniff of the exterior of the tractor-trailer. *Id.* at 1275-76. During the sniff, the canine alerted to drugs in the tractor-trailer, which was subsequently searched. *Id.* The Tenth Circuit determined that the evidence was admissible because the officers did not obtain the evidence as a result of an illegal search but rather through the independent source of a dog sniff. *Id.* at 1280. Notably, the initial illegal search yielded no contraband or evidence of wrongdoing, so it could not be said that the canine sniff was dependent on the prior illegal search. *Id.* Other authority, relied upon by the Magistrate Judge, similarly supports the proposition that a subsequent canine sniff can purge the taint resulting from a prior illegal search, and thus provide the probable cause necessary for the admission of any obtained evidence. *See United States v. Moore*, 329 F.3d 399, 404-05 (5th Cir. 2003); *United States v. Harris*, 175 F.3d 1017 (4th Cir. 1999); *United States v. Jackson*, 548 F. Supp. 2d 1314, 1324 (M.D. Fla. 2008).

In this case, the Magistrate Judge concluded that the decision to conduct a canine search was not in any way reliant upon the earlier illegal search conducted by Troopers Cox and Faulk (Doc. #43, p. 11). This conclusion was based on the factual finding that the canine was called before any illegal search of the tractor-trailer took place (Doc. #43, p. 2-3; Doc. #42, p. 39, 52). Accepting the factual finding that the canine was called before any illegal search occurred, the court agrees that the canine sniff was a sufficiently distinguishable means of obtaining the probable cause necessary to justify the search and purge any taint from the prior illegal search in this case.

The Defendant makes much of the fact that Corporal Anderson, the canine handler, conducted his own illegal search of the interior of the tractor-trailer before conducting the

4

exterior canine sniff.  The Defendant argues that because Corporal Anderson conducted his own illegal search, the canine sniff was not an independent search but rather a continuation of the prior unlawful search.  The court disagrees.  While the events are temporally close, the exterior, non-directed, canine sniff around the exterior was conceptually unrelated to that search of the trailer because the trailer search before the sniff yielded no evidence that led to the canine sniff. *See Forbes*, 528 F.3d at 1280 ("Although the two events may have been temporally close, the exterior canine sniff was conceptually unrelated to the search of the trailer.").  It was only after the canine's hit that the search which uncovered the contraband was conducted.

      The court recognizes that the independent source doctrine has its limits.  As the Defendant points out, the independent source doctrine should not be stretched so far that the use of a drug-sniffing canine simply becomes an ex post facto formality that allows the police to justify an illegal search by conducting a subsequent canine sniff.  *See, e.g.*, *United States v. Taheri*, 648 F.2d 598, 600 (9th Cir. 1981)("The subsequent use of the dog and the securing of the warrant amounted to no more than a post hoc justification for using information that had already been illegally obtained.  To permit evidence to be admitted under these circumstances would encourage police officers to ignore the dictates of the fourth amendment in conducting initial investigations.").  That situation, however, is not present in this case.  As the Magistrate Judge determined, which this court accepts, the decision to use the canine did not depend on the previous illegal search because the canine was called before the illegal search.  Accordingly, the court agrees with the Report and Recommendation of the Magistrate Judge that the Motion to Suppress is due to be DENIED.

      It is hereby ORDERED as follows:

1. The Objections are OVERRULED.

2. The court ADOPTS the Recommendation of the Magistrate Judge.

3. Defendant's Motion to Suppress is DENIED.

DONE this 21st day of September.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE